CMC

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Michael H. Wu and Christine T. Wu | ) | |
| Plaintiffs, | ) | |
| - against - | ) | **Civil Action No: 1:14-cv-05392** |
| Prudential Financial, Inc., | ) | **Judge Milton I. Shadur** |
| Prudential Insurance Company of America, the | ) | **Mag. Judge Mary M. Rowland** |
| Pruco Life Insurance Company, | ) | |
| AST Investment Services, Inc., | ) | |
| Prudential Annuities, Inc., | ) | |
| Prudential Annuities Distributors, Inc., | ) | **JURY TRIAL** |
| Pruco Securities LLC, | ) | **DEMANDED** |
| Global Portfolio Strategies, Inc., | ) | |
| Prudential Bache Securities LLC, | ) | |
| Prudential Investment Management Services LLC, | ) | |
| Prudential Investments LLC, | ) | |
| Prudential Investment Management, Inc., | ) | |
| Prudential Retirement Insurance and Annuity Company, | ) | |
| Jennison Associates LLC, | ) | |
| LSV Asset Management, | ) | |
| Marsico Capital Management LLC, | ) | |
| Quantitative Management Associates LLC, | ) | |
| T. Rowe Price Associates, Inc., | ) | |
| William Blair & Company LLC, | ) | |
| John Robert Strangfeld Jr., | ) | |
| Mark Brown Grier, | ) | |
| Richard J. Carbone, | ) | |
| Judy Ann Rice, | ) | |
| Christine C. Marcks, | ) | |
| Christopher Hagan, | ) | |
| Michael Weissberger, | ) | |
| Citigroup, Inc., | ) | |
| Citigroup Global Markets, Inc., | ) | |
| John P. Havens, | ) | |
| Xiao-mei (Linda) Wang, and | ) | |
| Does 1 through 10, | ) | |
| Defendants. | ) | |

FILED

AUG 08 2014
AUG 08 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## AMENDED COMPLAINT

Plaintiffs, Michael H. Wu and Christine T. Wu, for their complaint against Defendants
Prudential Financial, Inc. ("**PFI**"; NYSE Ticker: "PRU") et al, allege as follows:

## I. SUMMARY

1.      This case involves fraudulent offers, sales, and managements of Prudential
        Variable Annuities ("VAs") by PFI et al, a robust quarterversary 2-stage
        arbitrage-based defined benefit risk transfer ("DBRT") embezzlement scheme
        founded and operated by PFI et al. The Prospectus said that "each underlying
        mutual fund is **registered** as an open-end management investment company
        under the Investment Company Act of 1940." However, during stage 1 of each
        benefit quarter, PFI et al use underlying **unregistered** funds of the Prudential
        Series Fund ("**the Fund**") to conduct daily in-house fund transfers between PFI
        and VA individuals in favor of PFI without being entered into order-routing and
        execution systems. At stage 2 on each benefit quarter, PFI et al use synthesized
        transactions, which are formed by consolidating transactions done between VA
        individuals and PFI during stage 1, to conduct "Pension Plan Risk Transfer"
        buy-ins via omnibus accounts, which PFI et al registered with underlying Mutual
        Fund Companies of the Advanced Series Trust ("**the Trust**"), without mailing
        confirmations of such synthesized transactions to VA individuals. PFI et al use
        such misappropriation scheme to falsify the books, records, and accounts; and
        embezzle capital funds, dividends, and market gains of VA individuals.

## II. JURISDICTION AND VENUE

2.      The court has jurisdiction over this action pursuant to Section 22 of the
        Securities Act of 1933 [15 U.S.C. § 77v], Section 27 of the Exchange Act 0f
        1934 [15 U.S.C. § 78aa], Section 44 of the Investment Company Act of 1940 [15
        U.S.C. § 80a-44], and Section 214 of the Investment Advisers Act of 1940 [15
        U.S.C. § 80b-14].

3.   Venue is proper in this Court pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa], Section 44 of the Investment Company Act [15 U.S.C. § 80a-44], and Section 214 of the Investment Advisers Act [15 U.S.C. § 80b-14] because Plaintiffs and certain of Defendants may be found in and are inhabitants within the Northern District of Illinois; and certain of the acts, practices and courses of business alleged herein occurred within the Northern District of Illinois.

## III. THE PARTIES

4.   The Plaintiffs, **Michael H. Wu and Christine T. Wu ("Plaintiffs")**, are individuals who are citizens of United States of America ("USA") and reside within this District.

5.   The Defendant, **Prudential Financial, Inc. ("PFI"**; NYSE Ticker: **"PRU")**, is located in Newark NJ, USA and is the owner of Prudential (Fixed and Variable) Annuities business, which PFI runs by using underlying unregistered funds (including hedging funds) and mispriced "junk bonds" of the Fund.

6.   The Defendant, **the Prudential Insurance Company of America ("PICA")**, is located in Newark, NJ, USA; and is one of the underwriters of the Fund and the principal of underlying registered Prudential omnibus accounts of the Trust.

7.   The Defendant, **Pruco Life Insurance Company ("PLIC")**, is located in Newark NJ, USA, and the issuer of the contract.

8.   The Defendant, **AST Investment Services, Inc. ("ASTIS")**, is located in Shelton, CT, USA; and is a broker-dealer and one of the two investment managers of the Trust.

9.   The Defendant, **Prudential Annuities, Inc. ("PAI")**, is located in Shelton, CT, USA; and is the owner of the website, which is used to accept trade orders of VA individuals and publish Net Asset Values ("NAVs") of underlying registered mutual funds of the Trust or the unregistered funds of the Fund, and the suspected group VAs (i.e., VA group) who generates and distributes fabricated Transaction Confirmations and Quarterly Statements of Prudential VAs.

10. The Defendant, **Prudential Annuities Distributors, Inc. ("PAD")**, is located in Shelton, CT, USA; and is a broker-dealer and the distributor of Prudential VAs.

11. The Defendant, **Pruco Securities LLC ("PS")**, is located in Newark, NJ, USA; and is a broker-dealer and registered investment adviser.

12. The Defendant, **Global Portfolio Strategies, Inc. ("GPS")**, is located in Hartford, CT, USA and is a broker-dealer.

13. The Defendant, **Prudential Bache Securities LLC ("PBS")**, is located in New York, NY, USA and is a broker-dealer.

14. The Defendant, **Prudential Investment Management Services LLC ("PIMS")**, is located in Newark, NJ, USA; and is the distributor of the PFI mutual funds, a registered broker-dealer, and an unregistered national securities exchange.

15. The Defendant, **Prudential Investments LLC ("PI")**, is located in Newark, NJ, USA; and is a broker-dealer, a registered investment adviser, one of the two investment managers of the Trust, the mutual fund family of PFI, and the overall manager of the Fund.

16. The Defendant, **Prudential Investment Management, Inc. ("PIM")**, is located in Newark, NJ, USA; and is a broker-dealer, a registered investment adviser, a sub-adviser of the Fund, and a contractual intermediary of the Trust.

17. The Defendant, **Prudential Retirement Insurance and Annuity Company ("PRIAC")**, is located in Shelton and Hartford, CT, USA; and is one of the underwriters of the Fund, and the issuer of mispriced "junk bonds".

18. The Defendant, **Jennison Associates LLC ("Jennison")**, is located in New York, NY, USA; and is a portfolio manager of the Fund and a contractual intermediary of the Trust.

19. The Defendant, **LSV Asset Management ("LSV")**, is located in Chicago, IL, USA; and is a portfolio manager of the Fund and a contractual intermediary of the Trust.

20. The Defendant, **Marsico Capital Management LLC ("Marsico")**, is located in Denver, CO, USA; and is a portfolio manager of the Fund and a contractual intermediary of the Trust.

21. The Defendant, **Quantitative Management Associates LLC ("QMA")**, is located in Newark, NJ, USA; and is a portfolio manager of the Fund and a contractual intermediary of the Trust.

22. The Defendant, **T. Rowe Price Associates, Inc. ("TRPA")**, is located in Baltimore, MD, USA; and is a portfolio manager of the Fund and a contractual intermediary of the Trust.

23. The Defendant, **William Blair & Company LLC ("WBC")**, is located in Chicago, IL, USA; and is a portfolio manager of the Fund and a contractual intermediary of the Trust.

24. The Defendant, **John Robert Strangfeld Jr. ("Strangfeld")**, is located in Newark, NJ, USA; and is the CEO, Chairman, and President of PFI and PICA.

25. The Defendant, **Mark Brown Grier ("Grier")**, is located in Newark, NJ, USA, and is the vice Chairman of PFI and PICA.

26. The Defendant, **Richard J. Carbone ("Carbone")**, is located in Newark, NJ, USA, and is the (ex) CFO of PFI and PICA.

27. The Defendant, **July Ann Rice ("Rice")**, is located in Newark, NJ, USA; and was the chairman of PI and the CEO of PIMS, and is the person who launched one of the first separately managed account business for PFI.

28. The Defendant, **Christine C. Marcks ("Marcks")**, is located in Hartford, CT, USA, and is the President of PRIAC.

29. The Defendant, **Christopher Hagan ("Hagan")**, is with **PAI** located in Philadelphia, PA, USA.

30. The Defendant, **Michael Weissberger ("Weissberger")**, is with **PAI** located in Philadelphia, PA, USA.

31. The Defendant, **Citigroup, Inc. ("Citigroup")**, is located in New York, NY, USA, and is the owner of Citigroup Global Markets, Inc.

32. The Defendant, **Citigroup Global Markets, Inc. ("CGMI")**, which is also known as Citi Personal Wealth Management (**"CPWM"**), is located in New York City, NY, USA; and is an investment adviser firm and a brokerage firm.

33. The Defendant, **John P. Havens ("Havens")**, is located in New York, NY, USA; and was the CFO of Citigroup and the CEO of CGMI.

34. The Defendant, **Xiao-mei (Linda) Wang ("Wang")**, is located in Naperville, Illinois, USA and is a registered individual representative of the Citigroup broker-dealer firm who misrepresented underlying Prudential VAs to Plaintiffs.

## IV. FACTS

### Misconducts et al of Citigroup, CPWM, Havens, and Wang

35. Plaintiffs are long-time customers of Citibank. They visited the Citibank branch office in Naperville, IL where **Wang** has an office space and told the cashier on March 29, 2010 that they wanted to invest their savings to make more money than interest paid by certificate of deposit ("CD") when their CD would mature on April 13, 2010. The cashier told Plaintiffs that the old brokerage office there was closed and **Wang** of CPWM could help. Plaintiffs walked to and told **Wang** that Plaintiffs' primary investment objective is growth on March 29, 2010.

36. **Wang** misrepresented Prudential VAs to Plaintiffs without following Financial Industry Regulatory Authority ("FINRA") and/or National Association of Securities Dealers ("NASD") conduct rules at the time of recommendation.

37. **CPWM** is the one and only broker-dealer of Plaintiffs but is merely a storefront that does not get involved in any transaction.

38. **CPWM** never gives Plaintiffs dividends or distributions since April 16, 2010.

### Prudential Variable Annuity (VA) Products Are Private Placements

39. Underlying **mutual funds,** which **PICA** enlists in the Prudential VA Application Form and **PAI** publicizes under http://www.annuities.prudential.com/investor, are "chosen investment options" **NOT** registered as open-end management investment companies under the Investment Company Act of 1940.

40. **PICA** says *in PICA Brochure* that "many of **Prudential VA products** are supported by investments we hold in various types of registered and **unregistered** insurance company separate accounts."

41. **PIM** says in *PIM Brochure* that PIM's portfolio managers manage **unregistered** insurance company separate accounts of **unregistered funds (including hedge funds)**.

42. **PICA** indicates in *the VA Prospectus* that many portfolios may have exposure to non-investment grade bonds, or the commonly known "**junk bonds**".

43. The investment option, which **Wang** put on the Prudential VA Application Form on March 29, 2010 and bought on April 16, 2010 for Plaintiffs, is a disguised Mutual Fund, which already contained significant amount of "**junk bonds**".

### PFI et al Manipulate Security Prices

44. **PAI** never publicly publishes **firm quotes** for **"AST Investment Grade Bond Portfolio"** and **"AST Bond Portfolios 2017~2024"**.

45. **PAI** publicly publishes **multiple quotes** with different unit prices for the same disguised mutual fund, one for each of underlying **Prudential VA products**.

46. **Marcks** said on June 4, 2009 that target date funds and similar investment options are **institutionally priced**.

47. **PAI** privately changed the unit price of AST Lord Abbett Core Fixed Income Portfolio on July 27, 2012 for transactions done three weeks ago.

### Misrepresentations of Strangfeld et al

48. **PLIC** misrepresents in *Sale materials of Prudential VA products* that funds of VA individuals are transferred between "Your Chosen Investment Options" and "Bond Portfolio". A copy of such misrepresentation is attached as **EXHIBIT A**.

49. **PICA** misrepresents in *the VA Prospectus* that "we are the **legal owner** of the shares of the underlying mutual funds in which the Sub-accounts invest."

50. **Grier** misrepresented on February 5, 2009 that "**the customer** agrees to our **daily rebalancing** from **the selected funds** to **fixed income investments** in support of **the guarantee** when there are equity market declines."

51. **PI** misrepresents in *PI Brochure* that **the contracts** permit allocation of contract values to variable insurance trusts ("VITs").

52. **PAI** (Brooke Davis) misrepresented Prudential VAs on December 8, 2011 that "when you signed the application you authorized us to make these transfers on your annuity contract".

53. **PIM** misrepresents "**unregistered funds (including hedge funds)**" and "**commingled vehicles**" in *PIM Brochure* without spelling out.

54. **Marcks** misrepresented on June 4, 2009 that PFI insurance guarantees enable retirement plan participants to protect their retirement income against market downturns while allowing continued measured exposure to equity investments.

55. **Strangfeld** misrepresented in PFI 2011 Annual Report that "In 2011, Prudential completed <u>four</u> pension plan risk transfer (buy-in) transactions."

56. **Hagan** misrepresented on March 20, 2012 that "dividends and distributions of underlying mutual funds of VA contracts are reinvested and reflected in the accumulation unit value."

57. **Weissberger** misrepresented on May 14, 2012 that all annuity financial transactions and all transaction confirmations meet the requirements of FINRA; and U.S. Securities and Exchange Commission ("SEC" or "the Commission").

### Devices, Schemes, or Artifices

58. **Hedged equities**, which **PFI** uses to bridge the gap between "Your Chosen Investment Options" and "Bond Portfolio", are Devices, Schemes, or Artifices.

59. **The predetermined mathematical formula**, which is an Arbitrage Pricing Model ("APM") without disclosing the initial value and the beneficiary of the predetermined "P – Income Basis", is a Device, Scheme, or Artifice of **PFI**.

60. The **Customer Portfolios Program** ("CPP") of Prudential VAs, which **PFI** uses to cover up "Pension Plan Risk Transfers", is a Device, Scheme, or Artifice.

61. **Proprietary reports**, which **PI** produces to late trading and market timing VA individuals (**EXHIBIT A**), are Devices, Schemes, or Artifices of **PFI**.

62. **Trade reversal**, which **PFI** used in 3Q2012 to reverse direction of in-house fund transfers, which were already executed on June 15, 2012 and June 18, 2012, between PFI and VA individuals in favor of PFI, is a Device, Scheme, or Artifice.

63. The **DBRT wildcard**, which uses capital funds of VA individuals as weights to manipulate PRU market cap (**EXHIBIT A**), is a Device, Scheme, or Artifice of **PFI (Grier)**.

64. **PAI** generated **transaction confirmations** and **quarterly statements**, which shall document transactions of underlying registered mutual funds rather than in-house transfers of underlying unregistered funds (including hedge funds) and "junk bonds" (**EXHIBIT A**), are Devices, Schemes, or Artifices of **PFI**.

65. **The robust capital protection framework**, which **PFI** uses to identify sources of capital available to meet PFI capital needs by falsifying the books, records, and accounts (**EXHIBIT A**), is a Device, Scheme, or Artifice. A copy of Plaintiffs' capital, which were identified by PFI and used to protect PFI account values et al. during 2011 is attached as **EXHIBIT B**.

## The Estimated Loss of Plaintiffs

66. **PAI** indicated in Quarterly Statements that Plaintiffs' VA contract value went down $737.77 (or -0.6605%) from $111,691.77 on July 20, 2011, when Plaintiffs did their third reallocation, to $110,954 on December 31, 2013, when the 4th Quarter of 2013 ended, while **Wall Street** said that S&P 500 went up 522.52 (or **39.4105%**) from 1,325.84 to 1,848.36 during the same period and **PFI** executive officers said that PRU gained about 13% of return on equity ("ROE") annually.

67. The estimated loss of Plaintiffs is near $50,000, which can be justified only by asking **PFI** to revoke all in-house transfers of underlying unregistered funds (including hedge funds); completely eliminate such unregistered funds and also "junk bonds"; and disgorge the disgorgements of all Defendants since 2006.

## V. COUNTS

## COUNT 1 - Violations of Sections 5(a), 5(b), and 5(c) of the Securities Act

68. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

69. All Defendants, singly or in concert, directly or indirectly, **sold private placements to non-accredited investors** (or other purchases) without informing them that they received "restricted" securities, neither meeting the requirement of Sections 3(b) or 4(a)(2) nor following the ***Rules 504, 505, and 506*** set out under Regulation D of the Securities Act of 1933.

70. By reason of the foregoing, Defendants mentioned in paragraph 69, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Sections 5(a), 5(b), and 5(c) of the Securities Act [15 U.S.C. § 77e(a), 77e(b), and 77e(c)].

## COUNT 2 - Violations of Section 12(a) of the Securities Act

71. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

72. Havens, Wang, Citigroup, CGMI, Strangfeld, Grier, Carbone, Rice, Marcks, Hagan, Weissberger, PFI, PICA, PRIAC, PLIC, ASTIS, PI, PIMS, PIM, PAI, Jennison, PS, and QMA, singly or in concert, directly or indirectly, made an untrue statement of material fact or omitted to state a material fact required to make the statements therein **no misleading in the registration statement** of underlying mutual funds in sales materials, the application form, the Prospectus, transaction confirmations, statements, reports, news, brochures, and contracts.

73. By reason of the foregoing, Defendants mentioned in paragraph 72, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Section 12(a) of the Securities Act [15 U.S.C. § 77l(a)].

## COUNT 3 – Violations of Sections 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Act; and Section 34(b) of the Investment Company Act

74. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

75. Havens, Wang, Citigroup, CGMI, Strangfeld, Grier, Carbone, Rice, Marcks, Hagan, Weissberger, PFI, PICA, PS, PLIC, PRIAC, ASTIS, PI, PIM, PIMS, PAI,

and PAD directly or indirectly, singly or in concert, in the offer and sales of Prudential VAs, which are securities, by the use of the means or instruments of transportation or communication in interstate commerce, or by use of the mails, have (1) employed **devices, schemes, or artifices** to defraud; (2) made untrue statements of material fact, or omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, **not misleading**; and/or (3) engaged in transactions, practices, or courses of business which operate or would operate as a **fraud or deceit** upon the purchase of securities.

76. By reason of the foregoing, Defendants mentioned in paragraph 75, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Sections 17(a)(1), 17(a)(2), and 17(a)(3) of Securities Act [15 U.S.C. § 77q(a)(1), 77q(a)(2), and 77q(a)(3)]; and Section 34(b) of the Investment Company Act [15 U.S.C. § 80a-34(b)].

### COUNT 4 – Violations of Section 5 of the Securities Exchange Act

77. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

78. All Defendants, singly or in concert, directly or indirectly, engage in transactions, practices, or courses of executing "Benefit Fund Transfer" **transactions on Unregistered Exchanges** and the volume of underlying transactions is too big to be traded on Unregistered Exchanges.

79. By reason of the foregoing, Defendants mentioned in paragraph 78, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Section 5 of the Securities Exchange Act [15 U.S.C. § 78e].

### COUNT 5 - Violations of Sections 9(a), 9(b), and 9(j) of the Securities Exchange Act

80. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

81. All Defendants, singly or in concert, directly or indirectly, engage in acts, practices, or courses of **manipulation of security prices**.

82. By reason of the foregoing, Defendants mentioned in paragraph 81, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Sections 9(a), 9(b), and 9(j) of the Securities Exchange Act [15 U.S.C. § 78i(a), 78i(b) and 78i(j)].

## COUNT 6 – Violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder

83. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

84. All Defendants, directly or indirectly, singly or in concert, use unregistered funds (including hedge funds), mispriced "junk bonds", VA group, a projected ROE arbitrage, proprietary accounts, a proprietary misappropriation formula, proprietary nonpublic reports, unauthorized broker-dealers, non-contractual compliance reviewers, and unregistered exchanges to conduct proprietary in-house insider trading between VA individuals and PFI, which are **prohibited**, in favor of PFI.

85. By reason of the foregoing, Defendants mentioned in paragraph 84, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Section 10(b) of the Securities Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

## COUNT 7 – Violations of Rules 10b-10(a), 10b-10(a)(1), 10b-10(a)(2), and 10b-10(a)(2)(i)(A) under Section 10b of the Securities Exchange Act; and Sections 206(1), 206(2), and 206(3) of the Investment Advisers Act

86. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

87. Havens, Wang, Citigroup, CGMI, Hagan, Weissberger, PAI, PAD, ASTIS, GPS, PBS, PS, PI, PIM, and PIMS, singly or in concert, directly or indirectly, did not

give or send VA individuals trade confirmation **at or before completion** of such transaction; and did not disclose to VA individuals **the time of the transactions**, **the role of the broker or dealer**, and **the name of the person** from whom the security was purchased, or to whom it was sold, for VA individuals.

88. By reason of the foregoing, Defendants mentioned in paragraph 87, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate SEC Rules 10b-10(a), 10b-10(a)(1), 10b-10(a)(2), and 10b-10(a)(2)(i)(A) [17 C.F.R. § 240.10b-10(a),10b-10(a)(1), 10b-10(a)(2), and 10b-10(a)(2)(i)(A)] under Section 10b of the Securities Exchange Act [15 U.S.C. § 78j(b)]; and Sections 206(1), 206(2), and 206(3) of the Investment Advisers Act [15 U.S.C. § 80b-6(1), 80b-6(2), and 80b-6(3)].

## COUNT 8 –Violations of Sections 13(b)(2)(A) and 13(b)(5) of the Securities Exchange Act; and Rules 13b2-1 and 13b2-2 thereunder

89. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

90. All Defendants, singly or in concert, directly or indirectly, knowingly circumvented or knowingly **failed to implement a system of internal accounting controls**, or knowingly **falsified the books, records, and accounts** of their respective companies, in reasonable detail, accurately and fairly reflected its transactions and dispositions of its assets.

91. By reason of the foregoing, Defendants mentioned in paragraphs 90, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Sections 13(b)(2)(A) and 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A) and 78m(b)(5)]; and Exchange Rules 13b2-1 and 13b2-2 [17 C.F.R. § 240.13b2-1, 240.13b2-2] thereunder.

## COUNT 9 – Violations of Sections 12(d)(1)(A) and 12(d)(1)(B) of the Investment Company Act

92. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

93. All Defendants, singly or in concert, directly or indirectly, use(d) the robust capital protection scheme et al., which are/were not prescribed as necessary or appropriate **in the public interest or for the protection of investors**.

94. By reason of the foregoing, Defendants mentioned in paragraph 93, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Sections 12(d)(1)(A) and 12(d)(1)(B) of the Investment Company Act [15 U.S.C. § 80a-12(d)(1)(A) and 12(d)(1)(B)].

### COUNT 10 – Violations of Section 19(a) of the Investment Company Act

95. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

96. PICA, PLIC, PI, PAI, Strangfeld, Grier, Carbone, Hagan, and Weissberger, singly or in concert, directly or indirectly, forwarded all **dividends and/or distributions** in the nature of dividends, which underlying Mutual Fund Companies of the Trust paid to all clients including VA individuals, to PFI without being accompanied by written statements which adequately disclose **the source or sources of such payments**.

97. By reason of the foregoing, Defendant mentioned in paragraph 96 has violated and, unless enjoined, will again violate Section 19(a) of the Investment Company Act [15 U.S.C. § 80a-19(a)].

### COUNT 11 – Violations of Sections 22(c) and 38(a) of the Investment Company Act; and Rules 22c-1, 22c-2, and 38a-1 Thereunder

98. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

99. All Defendants, singly or in concert, directly or indirectly, did not have **in place procedures** that segregate investor orders received **before** the fund prices its shares (which will receive that day's price) from those that were received **after**

the fund prices its shares (which will receive the following day's price); did not have contractual provisions with transfer agents and other intermediaries that obligate those parties to **segregate orders received by time of receipt** in order to prevent "late trading" based on a previously determined price, and did not **take affirmative steps to protect themselves and their shareholders against "late trading"** by obtaining assurances that those policies and procedures of SEC Rule 22c-1 are/were effectively administered; and willingly and egregiously **engaged in the course of "market timing"** practices during daily in-house "Benefit Fund Transfer" transactions.

100. By reason of the foregoing, Defendants mentioned in paragraph 99, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Sections 22(c) and 38(a) of the Investment Company Act [15 U.S.C. § 80a-22(c) and 38(a)] and Rules 22c-1, 22c-2, and 38a-1 [17 C.F.R. § 270.22c-1, 22c-2, and.38a-1] thereunder.

### COUNT 12 – Violations of Section 37 of the Investment Company Act

101. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

102. All Defendants, singly or in concert, directly or indirectly, engaged in the course of **stealing**; unlawful and willful **abstracting**; unlawful and willful **converting to the use of PFI**; and/or **embezzling** of dividends/distributions, funds, securities, and/or assets of VA individuals, to protect PFI account values and support PFI guarantees.

103. By reason of the foregoing, Defendants mentioned in paragraph 102, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Section 37 of the Investment Company Act [15 U.S.C. § 80a-37].

### COUNT 13 – Violations of Section 206(4) of the Investment Advisers Act and Custody Rules 206(4)-2, 206(4)-6(a), and 206(4)-6(c) thereunder

104. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

105. All Defendants, singly or in concert, directly or indirectly, DO/DID NOT maintain client assets with "qualified custodians" either in **a separate account for each client** under that client's name or in **an account** under the adviser name as agent for the adviser's clients **that only contains client assets**; and fraudulently exercised voting authority over securities of VA individuals without forwarding/mailing **proxy voting certificates** to such VA individuals.

106. By reason of the foregoing, Defendants mentioned in paragraph 105, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Section 206(4) of the Investment Advisers Act [15 U.S.C. § 80b-6(4)] and Custody Rules 206(4)-2, 206(4)-6(a), and 206(4)-6(c) [17 C.F.R. § 275.206(4)-2, 206(4)-6(a), and 206(4)-6(c)] thereunder.


### COUNT 14 - Violations of Section 14 of the Securities Act, Section 29(a) of the Securities Exchange Act, Section 47 of the Investment Company Act, and Section 215(a) of the Investment Advisers Act

107. Plaintiffs re-allege and incorporate paragraphs 1 through 67 by reference as if fully set forth herein.

108. CGMI **put a binding statement** in CGMI (i.e., CPWM) Broker-dealer Account Application Form. Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of these titles or of the rules and regulations thereunder of the Commission shall be void.

109. By reason of the foregoing, CGMI, directly or indirectly, has violated and, unless enjoined, will again violate Section 14 of the Securities Act [15 U.S.C. § 77n], Sections 29(a) of the Securities Exchange Act [15 U.S.C. § 78cc(a)], Section 47 of the Investment Company Act [15 U.S.C. § 80a-47], and Section 215(a) of the Investment Advisers Act [15 U.S.C. § 80b-15(a)].

## VI. Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against the Defendants and award damages as follows:

**A. Declaratory Relief:**

Declare, determine, and find that Defendants have committed the violations of the federal securities laws alleged in this Complaint.

**B. Permanent Injunctive Relief:**

Issue a Permanent Injunction restraining and enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, from violating the federal securities laws alleged in this Complaint.

**C. Disgorgement:**

Issue an Order directing

(1) PFI to disgorge all ill-gotten revenues including prejudgment interest resulting from the acts or courses of conduct alleged in this Complaint by revoking all fraudulent "Benefit Fund Transfer", "Benefit Fee", and "Program Rebalance" transactions.

(2) PFI to disgorge all ill-gotten dividends and/or distributions.

(3) Strangfeld, Grier, Carbone, Rice, and Marcks to disgorge all ill-gotten compensations.

(4) PICA, ASTIS, PI, PIM, PIMS, PRIAC, PLIC, PS, PAI, PAD, Jennison, LSV, Marsico, QMA, TRPA, and WBC to disgorge all ill-gotten management charges.

(5) PI, PIM, PIMS, PS, Jennison, LSV, Marsico, QMA, TRPA, and WBC to disgorge all ill-gotten acquired portfolio fees & expenses.

(6) Underlying sub-advisers of the Trust, who failed to detect market timing activities, to disgorge ill-gotten compliance reviewer fees.

(7) Havens, Wang, Citigroup, and CGMI to disgorge all ill-gotten greater compensations from selling such Prudential VAs.

(8) PFI et al to return the above-mentioned ill-gotten disgorgements back to VA individuals.

(9) PFI to completely remove underlying unregistered funds (including

hedge funds) and mispriced "junk bonds" from Plaintiffs' account.

## D. Penalties

Issue an Order directing all Defendants to pay civil money penalties and prejudgment interest pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]; Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]; Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]; and Section 42(e) of the Investment Company Act [15 U.S.C. § 80a-42(e)].

## E. Accounting

Issue an Order requiring PICA to:

(1) make a sworn accounting to this Court and the Plaintiffs of all funds, whether in the form of bonus, compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by Strangfeld, Grier, Carbone, Rice, Marcks, PFI, PICA, PLIC, PARIC, PAI, PAD, ASTIS, PI, PIM, PIMS, PS, Jennison, LSV, Marsico, QMA, TRPA, WBC, Havens, Wang, Citigroup, and/or CGMI, relating in any way to the Prudential VAs business of PFI;

(2) make a sworn accounting to this Court and the Plaintiffs of all assets, funds, or other properties held by CGMI, PFI, and/or PICA, jointly or individually, or for their direct or indirect beneficial interest, or over which they maintain control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(3) provide to the Court and the Plaintiffs a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind) in which CGMI, PFI, and/or PICA (whether solely or jointly), directly or indirectly (including through a corporation, partnership or nominee), either have an interest or over which they have the power or right to exercise control.

## F. Records Preservation

Issue an Order requiring that Defendants Citigroup, CGMI, PFI, PICA, PLIC,

PAI, PAD, ASTIS, PI, PIM, PIMS, PS, Jennison, LSV, Marsico, QMA, TRPA, and WBC, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants Citigroup, CGMI, PFI, PICA, PLIC, PAI, PAD, ASTIS, PI, PIM, PIMS, PS, Jennison, LSV, Marsico, QMA, TRPA, and WBC, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## G. Further Relief

Grant such other and further relief as may be necessary and appropriate.

## H. Retention of Jurisdiction

Further, the Plaintiffs respectfully request that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Plaintiffs for additional relief within the jurisdiction of this Court.

## VII. JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated this 8th day of August, 2014

Michael H. Wu and Christine T. Wu

**EXHIBIT A. Pruco Life's Misrepresentations on Asset Transfers**

## 1.   What Prudential Financial Companies Have Been Saying



Transfers Are Unique to Your Annuity.

VA Individuals — Your Chosen Investment Options

Account Value

VA Individuals — Bond Portfolio

## 2.   What Prudential Financial Companies Have Been Doing

**Unregistered Insurance Company Separate Accounts for the Fund**

**Omnibus Account for Bond Portfolio**

PFI Bond Portfolio ("Junks")

Market Downturns

Day (x)

Market Upturns

VA Individuals Bond Portfolio ("Junks")

**Market Cap in Unregistered Accounts Is Manipulated by PFI Daily**

**Omnibus Accounts for Your Chosen Investment Options**

PFI Your Chosen Investment Options ("Capital")

Market Downturns

Day (x)

Market Upturns

VA Individuals Your Chosen Investment Options ("Capital")

PFI Projected Market Cap (x)

Auto-rebalance

PFI Manipulated Market Cap (x)

**PFI Uses Synthesized Transactions to Falsify the Books et al on Each Benefit Quarter**

**Omnibus Accounts for Your Chosen Investment Options**

PFI Your Chosen Investment Options ("Capital")

**Market Cap in Registered Accounts Changes with the Market Daily**

VA Individuals Your Chosen Investment Options ("Capital")

**Registered Insurance Company Separate Accounts for the Trust**

**EXHIBIT B. Plaintiffs' Capital, Which Was Identified by PFI and Used to Protect PFI Account Values et al. during 2011**

| Business Day (x) | Calendar Date | S&P 500 Index | S&P 500 Day(x)'s - Day(0)'s | ~PFI Projected S&P 500 Index et al Arbitrage (%) | Projected | S&P's - PFI's | Capital Identified Amount | Capital Identified Accum. | Falsified Acct Value |
|---|---|---|---|---|---|---|---|---|---|
| n/a | 16-Apr-10 | 1,192.13 | n/a | n/a | | n/a | (Contracted) | (~3/4) | $106,000 |
| 0 | 31-Dec-10 | 1,257.64 | 0.00 | 0 | 1,257.64 | 0.00 | (4Q2010) | (~3/4) | $110,096 |
| 1 | 3-Jan-11 | 1,271.87 | 14.23 | 0.05 | 1258.27 | 13.60 | n/a | (~3/4) | n/a |
| 62 | 31-Mar-11 | 1,325.83 | 68.19 | 3.1 | 1296.63 | 29.20 | (1Q2011) | (~3/4) | n/a |
| 83 | 2-May-11 | 1,361.22 | 103.58 | 4.15 | 1309.83 | 51.39 | (1st Reallocation) | | n/a |
| 125 | 30-Jun-11 | 1,320.64 | 63.00 | 6.25 | 1336.24 | (15.60) | (2Q2011) | (unknown) | n/a |
| 126 | 1-Jul-11 | 1,339.67 | 82.03 | 6.3 | 1336.87 | 2.80 | n/a | n/a | n/a |
| 138 | 20-Jul-11 | 1,325.84 | 68.20 | 6.9 | 1344.42 | (18.58) | (3rd Reallocation) | | $111,692 |
| 148 | 3-Aug-11 | 1,260.34 | 2.70 | 7.4 | 1350.71 | (90.37) | n/a | n/a | n/a |
| 149 | 4-Aug-11 | 1,200.07 | (57.57) | 7.45 | 1351.33 | (151.26) | n/a | n/a | n/a |
| 150 | 5-Aug-11 | 1,199.38 | (58.26) | 7.5 | 1351.96 | (152.58) | $27,508 | $27,508 | $99,368 |
| 151 | 8-Aug-11 | 1,119.46 | (138.18) | 7.55 | 1352.59 | (233.13) | $19,001 | $46,509 | $95,662 |
| 152 | 9-Aug-11 | 1,172.53 | (85.11) | 7.6 | 1353.22 | (180.69) | ($12,468) | $34,041 | n/a |
| 156 | 15-Aug-11 | 1,204.49 | (53.15) | 7.8 | 1355.74 | (151.25) | ($8,540) | $25,501 | n/a |
| 157 | 16-Aug-11 | 1,192.76 | (64.88) | 7.85 | 1356.36 | (163.60) | ($5,011) | $20,490 | n/a |
| 159 | 18-Aug-11 | 1,140.65 | (116.99) | 7.95 | 1357.62 | (216.97) | $21,247 | $41,737 | n/a |
| 166 | 29-Aug-11 | 1,210.08 | (47.56) | 8.3 | 1362.02 | (151.94) | ($9,860) | $31,877 | n/a |
| 179 | 16-Sep-11 | 1,216.01 | (41.63) | 8.95 | 1370.20 | (154.19) | ($5,024) | $26,853 | n/a |
| 183 | 22-Sep-11 | 1,129.56 | (128.08) | 9.15 | 1372.71 | (243.15) | $18,904 | $45,757 | n/a |
| 189 | 30-Sep-11 | 1,131.42 | (126.22) | 9.45 | 1376.49 | (245.07) | (3Q2011) | $45,815 | $94,855.00 |
| 190 | 3-Oct-11 | 1,099.23 | (158.41) | 9.5 | 1377.12 | (277.89) | $11,292 | $57,049 | (Trough) |
| 193 | 6-Oct-11 | 1,164.97 | (92.67) | 9.65 | 1379.00 | (214.03) | ($6,029) | $51,020 | n/a |
| 199 | 14-Oct-11 | 1,224.58 | (33.06) | 9.95 | 1382.78 | (158.20) | ($5,505) | $45,515 | n/a |
| 205 | 24-Oct-11 | 1,254.19 | (3.45) | 10.25 | 1386.55 | (132.36) | ($6,225) | $39,290 | n/a |
| 209 | 28-Oct-11 | 1,285.09 | 27.45 | 10.45 | 1389.06 | (103.97) | ($6,755) | $32,535 | n/a |
| 225 | 21-Nov-11 | 1,192.98 | (64.66) | 11.25 | 1399.12 | (206.14) | $18,888 | $51,423 | n/a |
| 231 | 30-Nov-11 | 1,246.96 | (10.68) | 11.55 | 1402.90 | (155.94) | ($5,848) | $45,575 | n/a |
| 243 | 16-Dec-11 | 1,219.66 | (37.98) | 12.15 | 1410.44 | (190.78) | ($4,824) | $40,751 | n/a |
| 252 | 30-Dec-11 | 1,257.60 | (0.04) | 12.6 | 1416.10 | (158.50) | (4Q2011) | $41,372 | $97,877 |

August 2011

THE UNITED STATES DISTRICT COURT FOR

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL H. WU AND CHRISTINE T. WU, | ) | |
| Plaintiffs, | ) | Civil Action No: 1:14-CV-05392 |
| V. | ) | JUDGE MILTON I. SHADUR |
| Prudential Financial, Inc., et al | ) | MAJ. JUDGE MARY M. ROWLAND |
| Defendants. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

## <u>NOTICE OF FILING</u>

TO: <u>Prudential Financial, Inc.</u>

<u>Prudential Insurance Company of America, the</u>

<u>Pruco Life Insurance Company</u>

<u>AST Investment Services, Inc.</u>

<u>Prudential Annuities, Inc.</u>

<u>Prudential Annuities Distributors, Inc.</u>

<u>Pruco Securities LLC</u>

<u>Global Portfolio Strategies, Inc.</u>

<u>Prudential Bache Securities LLC</u>

<u>Prudential Investment Management Services LLC</u>

<u>Prudential Investments LLC</u>

<u>Prudential Investment Management, Inc.</u>

<u>Prudential Retirement Insurance and Annuity Company</u>

<u>Jennison Associates LLC</u>

<u>LSV Asset Management</u>

<u>Marsico Capital Management LLC</u>

<u>Quantitative Management Associates LLC</u>

<u>T. Rowe Price Associates, Inc.</u>

<u>William Blair & Company LLC</u>

<u>John Robert Strangfeld Jr.</u>

<u>Mark Brown Grier</u>

<u>Richard J. Carbone</u>

<u>Judy Ann Rice</u>

<u>Christine C. Marcks</u>

<u>Christopher Hagan</u>

FILED

AUG 08 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Michael Weissberger

Citigroup, Inc.

Citigroup Global Markets, Inc.

John P. Havens

Xiao-mei (Linda) Wang

PLEASE TAKE NOTICE that on August 8, 2014 I filed with the clerk of the U.S. District Court of the Northern District of Illinois, Eastern Division, 219 South Dearborn St., Chicago, Illinois the attached **AMENDED COMPLAINT**:

## CERTIFICATE OF SERVICE

I hereby certify that on ___August 8, 2014___, I provided service to the person or persons listed above by USPS Mail.

Signature: _____  Date: ___August 8, 2014_____

Name (Print): _Michael H. Wu_____

Address: _40 E, 9TH Street, APT 1805_____  Phone: ___630-747-0394_____

_____Chicago, IL 60605_____