# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Michael H. Wu and Christine T. Wu, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:14-cv-05392 |
| v. | ) | |
| | ) | Judge Milton I. Shadur |
| Prudential Financial Inc., et al., | ) | |
| | ) | Magistrate Judge Mary M. Rowland |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS LSV ASSET MANAGEMENT, MARSICO CAPITAL MANAGEMENT, LLC AND WILLIAM BLAIR & CO., LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants LSV Asset Management, Marsico Capital Management, LLC, and William

Blair & Co., LLC ("the Sub-Adviser Defendants") submit this Memorandum in support of their

Motion to Dismiss Plaintiffs' Amended Complaint.

## INTRODUCTION

What can be deciphered from Plaintiffs' original and Amended Complaints is that

Plaintiffs purchased a Prudential variable annuity product through a Citibank branch, and that the

annuity did not perform according to Plaintiffs' expectations. That apparent disappointment has

been transformed into wild, vacillating and largely incomprehensible claims involving "a robust

quarterversary 2-stage arbitrage-based defined benefit risk transfer ('DBRT') embezzlement

scheme founded and operated by PFI et al." Am. Compl. ¶ 1 (Doc. 11).[1]  Reading the Amended

---

[1] The Sub-Adviser Defendants do not admit the allegations in the Amended Complaint, but "familiar Rule 12(b)(6) principles require a district court to accept all of a plaintiff's well-pleaded factual allegations as true, and to draw all reasonable inferences from those allegations in plaintiff's favor." *Warrick v. Roberts*, 13 C 8326, 2014 WL 3828287, at *1 (N.D. Ill. Aug. 5, 2014) (Shadur, J.). *See* Ex. A for a copy of each of the unreported opinions cited herein.  However, it is equally true that "legal conclusions and

Complaint in the most charitable way possible, there is no apparent reason why the Sub-Adviser Defendants were named other than that they act as portfolio advisers to certain Prudential funds. Plaintiffs lump the Sub-Adviser Defendants together with the other Defendants in the Amended Complaint, but without asserting any facts setting forth a cognizable claim against the Sub-Adviser Defendants, or even tying the Sub-Adviser Defendants to any alleged misconduct on the part of the other Defendants. Because federal law requires Plaintiffs to plead facts that plausibly state a claim against the Sub-Adviser Defendants and Plaintiffs fail to do so, the Sub-Adviser Defendants should be dismissed from this suit.

The Amended Complaint alleges nine counts against all Defendants, none of which states a claim for relief. In particular, and as described in greater detail below and in Prudential's Memorandum of Law (Doc. 77), which is incorporated by reference, the Court should dismiss all nine of these counts for the following reasons:

- All of Plaintiffs' claims fail under Fed. R. Civ. P. 8 as implausible and under Fed. R. Civ. P. 9(b) for failure to plead with particularity;

- Counts 4, 8, 11, 12, and 13 do not give rise to a private right of action;

- Counts 1, 5, and 6 are barred by the applicable statutes of limitation and repose;

- Plaintiffs fail to plead the elements of a Section 10(b) Claim in Count 6; and

- Plaintiffs fail to allege facts sufficient to plead a violation of Section 12(d)(1) of the Investment Company Act in Count 9.

For the foregoing reasons, Plaintiffs' Amended Complaint fails to adequately allege claims against the Sub-Adviser Defendants. The Court should not allow yet another amendment of these farcical claims, but should dismiss them with prejudice.

---

conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Warrick*, 2014 WL 3828287, at *1.

**ARGUMENT**

**I.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF**

   **A.    The Amended Complaint Pleads No Facts Pertaining to the Sub-Adviser Defendants in Violation of the Pleading Requirements of Rule 8(a), *Twombly*, and *Iqbal***

The Sub-Adviser Defendants are investment advisory firms that sub-advise (or formerly sub-advised) certain Prudential funds in which other Prudential accounts could invest.  The Sub-Adviser Defendants are not affiliated with Prudential or Citibank, and were at least three steps removed from Plaintiffs' dealings with Citibank and through it, Prudential.  Plaintiffs do not allege that they ever dealt directly with the Sub-Adviser Defendants, or that the Sub-Adviser Defendants were even aware of Plaintiffs' purchase of a Prudential annuity until recently.  Nor do Plaintiffs specify particularized facts or events linking the Sub-Adviser Defendants to the hazy misconduct alleged against Defendants generally.

Indeed, the Amended Complaint contains no factual allegations whatsoever concerning any alleged wrongdoing by any of the Sub-Adviser Defendants.  The Sub-Adviser Defendants are mentioned only in the "Parties" section of the Amended Complaint containing generic descriptions of their business in which each is identified as a "portfolio manager of the Fund and a contractual intermediary of the Trust."  *See* Am. Compl. ¶¶ 19-20, 23.  Aside from that, Plaintiffs merely make general allegations against all Defendants without any specific allegations against any of the Sub-Adviser Defendants, and how they fit into Plaintiffs' claims against the Prudential Defendants.  *Id*. ¶¶ 69, 78, 81, 84, 90, 93, 99, 102, and 105.

These sparse allegations fail to satisfy Rule 8, which demands that Plaintiffs allege enough facts to state a case that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Rule 8 demands that the complaint make "more than an unadorned, the

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Prudential Defendants' Mem. of Law §§ IIIA, IIIB (Doc. 77).

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal is required when the complaint fails to set forth sufficient factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545, 555. To survive a motion to dismiss, the complaint must offer more than "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 620-21 (7th Cir. 2012), *aff'g* 779 F. Supp. 2d 830 (N.D. Ill. 2011) (Shadur, J.). Where, as here, a plaintiff's complaint lacks factual allegations sufficient to establish the elements of the claims asserted, Fed. R. Civ. P. 12(b)(6) requires that the complaint be dismissed.

Plaintiffs have failed to plead facts that would put the Sub-Adviser Defendants on notice of what claims are being asserted against them, as they failed to do in the original Complaint, and thus the Amended Complaint should be dismissed *with prejudice* under Rule 8. *See Betts v. Container Corp. of Am.*, 94 C 242, 1994 WL 161919, at *1 (N.D. Ill. Apr. 22, 1994) (Shadur, J.) ("a district court, when faced with repetitive violations of the mandates for simplicity under [Rule 8], should give serious consideration to dismissing the action with prejudice.").

B.      **The Amended Complaint Fails to Satisfy Rule 9(b) with Respect to the Sub-Adviser Defendants**

The Amended Complaint likewise fails to comply with Rule 9(b), which requires Plaintiffs to plead "the circumstances constituting fraud or mistake" with "particularity." Fed. R. Civ. P. 9(b). Plaintiffs generally allege "fraudulent offers, sales, and managements[,]" fraudulent

exercise of voting authority, and an "embezzlement scheme." Am. Compl. ¶¶ 1, 102, 105. "[The] Complaint, sounding as it does in fraud, has to satisfy Rule 9(b)'s requirement that the circumstances constituting fraud . . . [ ] be stated with particularity." *HGN Corp. v. Chamberlain, Hrdlicka, White, Johnson & Williams*, 85 C 8081, 1985 WL 4885, at *1 (N.D. Ill. Dec. 18, 1985) (Shadur, J.) (internal quotations omitted).

Nowhere in the Amended Complaint do Plaintiffs provide the who, what, when, where, and how of any fraudulent conduct allegedly committed by the Sub-Adviser Defendants as required under Rule 9(b). "To satisfy Rule 9(b), however, [Plaintiff] must decide which precise acts it is labeling fraud. Neither this Court nor [Defendant] should have to guess which allegations are part of [Plaintiff's] overall fraud count." *Mutuelle Generale Francaise Vie v. Life Assur. Co. of PA*, 688 F. Supp. 386, 393 n.11 (N.D. Ill. 1988) (Shadur, J.). Plaintiffs simply lump the Sub-Adviser Defendants together with all other Defendants and generally allege fraud against this amorphous group. In doing so, Plaintiffs fail to satisfy the Rule 9(b) standard. *See Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (affirming dismissal of plaintiffs' Securities Exchange Act claims where complaint was "bereft of any detail concerning who was involved in each allegedly fraudulent activity, how the alleged fraud was perpetrated, or when the allegedly fraudulent statements were made" and instead "lump[ed] all the defendants together and d[id] not specify who was involved in what activity").

For the foregoing reasons as well as those set forth in the Prudential Defendants' Memorandum of Law §§ IIIB (Doc. 77), Plaintiffs' Amended Complaint should be dismissed for failure to abide by the strictures of Rule 9(b).

## II. FIVE CLAIMS ALLEGED AGAINST THE SUB-ADVISER DEFENDANTS HAVE NO PRIVATE RIGHT OF ACTION (COUNTS 4, 8, 11, 12 AND 13)

Most of Plaintiffs' claims against the Sub-Adviser Defendants (Counts 4, 8, 11, 12, and 13) arise under statutes that do not provide a private right of action. Therefore, these claims must be dismissed with prejudice. The Sub-Adviser Defendants incorporate by reference the arguments and authority described in the Prudential Defendants' Memorandum of Law § I (Doc. 77).

## III. THREE CLAIMS ALLEGED AGAINST THE SUB-ADVISERS ARE TIME-BARRED (COUNTS 1, 5, AND 6)

Three other claims against the Sub-Adviser Defendants (Counts 1, 5, and 6) are barred by the applicable statute of limitations and repose. Therefore, these claims must also be dismissed with prejudice. The Sub-Adviser Defendants incorporate by reference the arguments and authority described in the Prudential Defendants' Memorandum of Law § II (Doc. 77).

## IV. PLAINTIFFS HAVE FAILED TO PLEAD THE ELEMENTS OF A SECTION 10(b) CLAIM (COUNT 6)

In addition to the above, Plaintiffs' claim under Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder also fails to plead the required elements for such a claim, namely, scienter, reasonable reliance upon an alleged misrepresentation, and causation. Therefore, this claim should likewise be dismissed. The Sub-Adviser Defendants incorporate by reference the arguments and authority described in the Prudential Defendants' Memorandum of Law § IIIC (Doc. 77).

## V. PLAINTIFFS CANNOT STATE A CLAIM FOR VIOLATION OF SECTION 12(d)(1) OF THE INVESTMENT COMPANY ACT (COUNT 9)

Finally, in Count 9, Plaintiffs assert liability under Section 12(d)(1) of the Investment Company Act. Am. Compl. ¶¶ 92-94. However, this provision of the Investment Company Act restricts a company's ability to acquire a large ownership stake in another company. This section specifically provides as follows:

> It shall be unlawful for any registered investment company (the "acquiring company") and any company or companies controlled by such acquiring company to purchase or otherwise acquire any security issued by any other investment company (the "acquired company"), and for any investment company (the "acquiring company") and any company or companies controlled by such acquiring company to purchase or otherwise acquire any security issued by any registered investment company (the "acquired company"), if the acquiring company and any company or companies controlled by it immediately after such purchase or acquisition own in the aggregate—
>
>  (i) more than 3 per centum of the total outstanding voting stock of the acquired company;
>
>  (ii) securities issued by the acquired company having an aggregate value in excess of 5 per centum of the value of the total assets of the acquiring company; or
>
>  (iii) securities issued by the acquired company and all other investment companies (other than treasury stock of the acquiring company) having an aggregate value in excess of 10 per centum of the value of the total assets of the acquiring company. [15 U.S.C. § 80a-12(d)(1)].

The Amended Complaint contains no allegations that would support a claim under Section 12(d)(1) of the Investment Company Act. Accordingly, Count 9 should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Amended Complaint fails to adequately allege claims against the Sub-Adviser Defendants, and the Court should dismiss the claims with prejudice.

Dated: November 6, 2014

Respectfully submitted,

LSV ASSET MANAGEMENT
MARSICO CAPITAL MANAGEMENT, LLC
WILLIAM BLAIR & CO., LLC

By: /s/ Norman K. Beck
    One of Their Attorneys

Norman K. Beck
Cristina Covarrubias
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: nbeck@winston.com
Email: ccovarrubias@winston.com

*Counsel for Defendants LSV ASSET MANAGEMENT,*
*MARSICO CAPITAL MANAGEMENT, LLC and*
*WILLIAM BLAIR & CO., LLC*

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served on all counsel and parties of record via the Court's

ECF system on November 6, 2014.

/s/ Cristina Covarrubias
