IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michael H. Wu and Christine T. Wu, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:14-cv-05392 |
| | ) | |
| v. | ) | Judge Milton I. Shadur |
| | ) | |
| | ) | |
| Prudential Financial, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT T. ROWE PRICE ASSOCIATES, INC.,'S MEMORANDUM OF LAW IN SUPPORTS OF ITS MOTION TO DISMISS**

Defendant, T. Rowe Price Associates, Inc. ("TRPA"), by and through its undersigned counsel, Rock Fusco & Connelly, LLC, hereby submits its Memorandum of Law in Support of Its Motion to Dismiss the Amended Complaint of Plaintiffs, Michael H. Wu and Christine T. Wu, and states:

**INTRODUCTION AND SUMMARY OF THE COMPLAINT**

Plaintiffs filed their original Complaint on July 15, 2014, which this Court dismissed *sua sponte* for violating Federal Rule of Civil Procedure 8. *See* ECF Dkt. # 1 (the Complaint) and #9 (the Court's order). Plaintiffs' Amended Complaint fares little better in terms of stating a claim upon which relief can be granted anywhere within its 14 Count Complaint, as there is not a single factual allegation levied at TRPA.

The operative facts of the Amended Complaint are contained in paragraphs 35 through 67. In sum, Plaintiffs are suing in connection to a variable annuity purchase from one of the Prudential Defendants in or around April of 2010. *See* Amended Complaint at ¶ 43. The remainder of other factual allegations appear to reference unspecified, nondescript alleged misrepresentations, fraud,

and other acts related to the securities that allegedly caused Plaintiffs to lose money on their investments. There is not a single allegation within Plaintiffs' "Facts" section relating to TRPA or any information relating to any statements by TRPA or from Plaintiffs to TRPA or even a piece of information that could tie TRPA to this lawsuit. Accordingly, it should be dismissed as to TRPA.

## APPLICABLE LAW

The issue on a motion to dismiss under Rule 12(b)(6) is whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The liberal notice pleading standards under the Federal Rules of Civil Procedure require this Court to construe all allegations contained in a complaint and reasonable inferences therefrom in favor of the plaintiff. However, a plaintiff still has an "obligation to provide the 'grounds' of his 'entitlement to relief'" which requires more than "labels and conclusions and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In other words, a complaint must contain sufficient factual matter to state a claim that is plausible on its face, not merely a possibility of recovery. *Ashcroft*, 556 U.S. at 678. The Court need not and should not construe as true any recitations of elements and simple legal conclusions. *Id.* In other words, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts, not conclusions, that are not mere recitations of the elements of a cause of action and that reveal more than a sheer possibility that a defendant has acted unlawfully. *Id.*

## ARGUMENT

The Amended Complaint should be dismissed with prejudice. Across its 19 pages, 109 paragraphs, and 2 exhibits, TRPA is mentioned individually by name just twice: in the Parties descriptions (at paragraph 22) and in the Prayer for Relief (Section VI). Every other possible reference to TRPA is contained in the generic label "Defendants," of which there are more than

2

thirty. Those allegations leveled at "Defendants" are simply the threadbare recitals and conclusions of law that receive neither consideration nor deference in a motion to dismiss. In sum, there are several grounds that urge this Court to dismiss the Amended Complaint in its entirety with prejudice as to TRPA.

First, as a preliminary matter, Counts 2, 3, 7, 10, and 14 are not directed at and do not name TRPA either individually or collectively with the other Defendants. Accordingly, TRPA shall not address them within the context of this Motion.

Second, as to the remaining counts, each and every such count fails to state a cause of action upon which relief can be granted because they contain no underlying factual allegations whatsoever relevant to TRPA and violate Federal Rules of Civil Procedure 8 and 9. Plaintiffs' Amended Complaint is devoid of enough information—or even any information—that would permit TRPA to fairly respond to those allegations, defend itself, or even be put on notice of the claims against it. Indeed, as written, TRPA cannot even discern what it has allegedly done wrong in the Plaintiffs' eyes because there is not a single factual allegation relevant to TRPA and only conclusory allegations about conspiracies and joint action with other named Defendants.

Third, Counts 4, 8, 11, 12, and 13 are premised upon statutes or portions of statutes for which there is no private right of action and thus fail as a matter of law. These counts must be dismissed with prejudice accordingly.

Fourth, Counts 1 and 5 are barred by the applicable statute of repose. Count 6 is likewise barred by the applicable statute of limitations. Thus, these Counts are barred as a matter of law and should be dismissed with prejudice.

Fifth, the only remaining Count not addressed in Arguments 3 and 4, Count 9, is premised upon a statute wholly irrelevant to the pleadings at bar and does not state a cause of action. Further,

it is unlikely that a private right of action exists in the statute under which Count 9 is brought. Accordingly, Count 9 is both legally and factually deficient and must be dismissed with prejudice, leaving Plaintiffs no Counts left to seek relief against TRPA.

Finally, and in the alternative, the only thing that is apparent from the Amended Complaint as it stands is that the allegations are too unrelated and too diverse to be maintained without prejudice to the individual Defendants, including TRPA. If this Court cannot dismiss the Amended Complaint as to TRPA, it should drop TRPA from this matter under Federal Rule of Civil Procedure 21 so that Plaintiffs may bring their disputes solely against TRPA, to the extent any such claims even exist. Accordingly, this Court should dismiss the Amended Complaint with prejudice or sever Plaintiffs' claims as to TRPA and require Plaintiffs to replead properly.

**I.  THIS COURT MUST DISMISS THE COMPLAINT BECAUSE IT FAILS TO INCLUDE A SINGLE FACTUAL ALLEGATION ABOUT TRPA AND IS FACTUALLY DEFICIENT.**

Plaintiffs' Amended Complaint cannot withstand either scrutiny or a Rule 12(b)(6) Motion because it does not contain sufficient factual matter. It fails to state a cause of action upon which relief can be granted as to TRPA because it fails to include a single factual allegation as to TRPA, let alone facts sufficient to support a claim against it. As noted, TRPA is mentioned just twice in the Amended Complaint: in the parties section (Paragraph 22) and in the prayer for relief (Section VI). Without a single factual averment related to TRPA, Plaintiffs have clearly not stated a claim upon which relief can be granted, at least as to TRPA, because they have not identified any factual grounds underlying their claims. *See Twombly*, 550 U.S., at 556. This is an obligation Plaintiffs have not and cannot meet, thus dismissal is appropriate under Rule 12(b)(6).

Plaintiffs instead refer to TRPA collectively with 30 other Defendants, in 9 of the Amended Complaint's 14 counts. Each and every one of those Counts is nothing more than a threadbare

4

regurgitation of statutory language. It is well-settled law that plaintiffs "who merely parrot the statutory language of the claims that they are pleading, *rather than providing some specific facts to ground those legal claims*, have not provided the showing required under the notice pleading rule." *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (emphasis added).

This is precisely the case here. A representative example of this type of pleading is Plaintiffs' Count 4, which states:

[Paragraph 77 re-alleges and reincorporates the previous paragraphs].

78. All Defendants, singly or in concert, directly or indirectly, engage in transactions, practices, or courses of executing "Benefit Fund Transfer" **transactions on Unregistered Exchanges** and the volume of underlying transactions is too big to be traded on Unregistered Exchanges. [Emphasis Original]

79. By reason of the foregoing, Defendants mentioned in paragraph 78, singly or in concert, directly or indirectly, have violated and, unless enjoined, will again violate Section 5 of the Securities Exchange Act [15 U.S.C. § 78e].

These two paragraphs are a simple rephrasing and recitation of the underlying statute, 15 U.S.C. § 78e. They are the only two paragraphs in the entire Amended Complaint that tie TRPA to this allegation, and even then, only the collective use of the word "Defendants" remotely ties TRPA to this allegation. Every remaining Count is formulated (and defective) in the exact same way, because there are simply no allegations whatsoever about TRPA in the Amended Complaint.

Even if this Court believes that the Plaintiffs have adequately alleged claims as to other Defendants, that belief is not sufficient grounds to avoid dismissing the suit as to TRPA. *See Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999) (allegations of conspiracy against one defendant, with nothing more, failed to state a claim, even though the underlying claims were well-pleaded as to other defendants). Indeed, the notice pleading standard requires

5

some "minimum description" of the defendant's complained of conduct—minimum descriptions which are not here present. *Id.*

In sum, Plaintiffs have simply not stated a claim against TRPA in any of 9 Counts possibly addressing TRPA because there is not a single factual basis to provide a ground for relief. Further, as the Seventh Circuit agreed in *Ryan*, Rule 8[1] requires more than the disjointed and piecemeal legal theories presented here – it requires presentation of a tenable theory or basis of suit. *Id.* There simply are not even any factual allegations that this Court can construe favorably in light of the Plaintiffs as to TRPA, discounting all the recitations of generic causes of action. Accordingly, for failure to adhere to Rules 8, 9, and for failing to state a claim upon which relief can be granted, this Court should dismiss the Amended Complaint with prejudice.

## II. THIS COURT MUST DISMISS COUNTS 4, 8, 11, 12, AND 13 BECAUSE THEY ARE BASED UPON STATUTES WITH NO PRIVATE RIGHT OF ACTION.

This Court should dismiss Counts 4, 8, 11, 12, and 13 because there is no private right of action in the underlying statutes, thus there is no possibility of recovery and these claims fail as a matter of law. It is elementary that a plaintiff cannot state a claim for relief upon a statute for which there is no private right of action. *See, e.g., Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 729 (7th Cir. 2001).

---

[1] For all of Plaintiffs' Counts regarding fraud, Federal Rule of Civil Procedure 9 applies, which has an even higher standard of pleading than Rule 8. Rule 9(b) requires that allegations of fraud must be pleaded with particularity. Of course, Plaintiffs' pleadings fail under either standard. Nevertheless, Plaintiffs have not pleaded the requisite "time, place, and content of the alleged communications perpetrating the fraud," which constitutes the minimum pleading standards for such allegations, thus any allegations as to fraud that withstand scrutiny under Rule 8 still must fail here under Rule 9. *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994).

The Prudential Defendants have aptly and thoroughly discussed the lack of a private right of action in the aforementioned five counts and other counts not directed at TRPA. *See* ECF Dkt. #77, Prudential Defendants' Memorandum of Law in Support of Their Motion to Dismiss, at pp. 5-8. TRPA hereby fully references and incorporates Section 1 of the Prudential Defendants' Memorandum in Support of Their Motion to Dismiss as if fully restated and set forth herein. *Id.* Accordingly, because there are no private rights of action for these Counts, this Court should dismiss Counts 4, 8, 11, 12, and 13 with prejudice, as they cannot be maintained as a matter of law.

### III. THIS COURT MUST DISMISS COUNTS 1, 5, AND 6 BECAUSE THEY ARE TIME BARRED.

Litigants may, like the Plaintiffs here, plead themselves out of Court by including facts constituting the ingredients of a defense. *See U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003), citing *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). Plaintiffs have alleged facts demonstrating that Counts 1, 5, and 6 are time-barred, thus they should be dismissed with prejudice.

The Prudential Defendants have similarly discussed these issues in their Motion to Dismiss and associated Memorandum of Law, which TRPA references and incorporates as if fully set forth herein to join that argument. *See* ECF Dkt. #77, Prudential Defendants' Memorandum of Law, at pp. 8-9. Accordingly, this Court must dismiss Counts 1, 5, and 6 as to TRPA because they are time barred by the applicable statutes of repose and statute of limitation.

## IV. COUNT NINE MUST BE DISMISSED BECAUSE IT IS BOTH WHOLLY UNSUPPORTED BY FACTUAL ALLEGATIONS AND LACKS A PRIVATE RIGHT OF ACTION.

This Court should dismiss the only remaining Count—Count 9—because it is both legally and factually defective. Count 9 is premised upon alleged violations of the Investment Company Act, 15 U.S.C. § 80a-12(d)(1)(A) and 12(d)(1)(B). *See* Plaintiffs' Amended Complaint at p. 14, ¶¶ 92-94. This remaining Count should be dismissed with prejudice because it lacks a single supporting allegation and is entirely irrelevant to the Amended Complaint as pleaded.

Specifically, the cited statutes are known as the "anti-pyramiding" provisions of the Investment Company Act, which prohibit investment companies from owning more than a three percent ownership stake in companies in which they are investing or from which they are purchasing securities. *See* 15 U.S.C. § 80a-12(d)(1)(A) and 12(d)(1)(B). There are no allegations as to any ownership by or in TRPA related to any of the securities mentioned in the Amended Complaint (or, again, any allegations related to TRPA whatsoever). Further, lest the point be lost, the entire Amended Complaint centers upon Plaintiffs' individual purchase of an annuity from one of the Prudential Defendants, which has absolutely nothing to do with the statute's prohibitions upon "limitations on acquisitions by investment companies of securities of other specific businesses." *See* 15 U.S.C. § 80a-12(d)(1)(A) and § 80a-12(d)(1)(B) (containing the quoted heading of the cited statute). Thus, this Count should be dismissed as inapplicable and factually deficient.

Further, it appears that only one reviewing court has determined that a private right of action even exists under this section of the Investment Company Act, and not for an individual investor. *See Bancroft Convertible Fund, Inc. v. Zico Inv. Holdings, Inc.*, 825 F.2d 731 (3d Cir. 1987). Notably, that case was decided before *Alexander v. Sandoval*, in which the Supreme Court

created a stricter test for finding implied private rights of action. 532 U.S. 275 (2001). Courts that have recently considered whether a private cause of action exists as to investors under the Investment Company Act have answered soundly in the negative. *See Gabelli Global Multimedia Trust, Inc. v. Western Inv., LLC*, 700 F.Supp.2d 748 (D. Md. 2010) (as to Section 12(d)(1)(A)) and *Gallus v. Am. Express Financial Corp.*, 370 F.Supp.2d 862 (D. Minn. 2005) (as to Section 12(b)). Nevertheless, the Court need not reach this consideration based upon the multiple pleading defects and irrelevancy of this Count to the pleaded subject matter. Accordingly, this Court should dismiss Count 9 with prejudice because it is factually and legally deficient.

**V.  IN THE ALTERNATIVE, THIS COURT SHOULD DROP TRPA FROM THIS LITIGATION UNDER FEDERAL RULES 20 AND 21 BECAUSE THERE ARE NOT COMMON QUESTIONS OF LAW OR FACT AS TO TRPA.**

Plaintiffs have brought 14 claims against more than 30 defendants in this matter. However, joinder of all of these defendants is not permissible in this matter because the Plaintiffs have not and cannot plead joint and several liability and the rights to relief pleaded do not arise out of the same transaction, occurrence, or series of transactions. *See* Fed. R. Civ. P. 20(a)(2)(A) and 20(a)(2)(B). There is a stark lack of commonality of questions of either fact or law because the Amended Complaint is devoid of any allegations whatsoever as to TRPA. For example, nearly half of the Counts are not directed at TRPA in any capacity. Of those that name TRPA, there are no allegations that demonstrate any connection whatsoever between TRPA and the other defendants. Put another way, even if TRPA perpetrated some alleged violation against Plaintiffs, there is no indication whatsoever that there is any commonality to any violations by the other defendants. Thus, even if TRPA and another defendant had wronged Plaintiffs, he has failed to demonstrate both requirements of Rule 20 – "transactional relatedness" and commonality. *See, e.g., Sieron v. Hanover Fire & Cas. Ins. Co.*, 485 F. Supp. 2d 954, 958 (S.D. Ill. 2007).

Federal Rule of Civil Procedure 21 empowers this Court, upon just terms, drop a party or to sever a claim against any party if the Court finds there is misjoinder under Rule 20. District courts have broad discretion to do so under Rule 21. *See Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (appellate court "accord[s] wide discretion to a district court's decision concerning the joinder of parties."). This presents an ideal scenario to do so, where there is no joint and several liability pleaded and obviously no common questions of fact or law. Further, TRPA will be prejudiced if forced to litigate this case—in which two paragraphs seemingly apply to TRPA—amongst more than 30 other co-defendants. Accordingly, in the alternative, TRPA should be dropped from this case without prejudice for Plaintiffs to proceed against TRPA separately unless and until Plaintiffs demonstrate a commonality of questions of fact or law.

## **CONCLUSION**

Wherefore, Plaintiffs' Amended Complaint fails on every level and cannot withstand a Rule 12(b)(6) motion because it does not even appear remotely directed at TRPA. For its most basic shortcoming, the Amended Complaint fails to state a claim upon which relief can be granted because it does not allege a single fact to provide a plausible ground for relief as to TRPA. This is also a violation of both Federal Rules 8 and 9, which are equally appropriate grounds for dismissal here. Even if this Court generously found Plaintiffs had stated a single claim correctly out of the 14 Counts brought, all of any such Counts are barred either by the applicable time period or for the lack of a private right of action. Plaintiffs plead nothing in their Amended Complaint that would avoid those issues. Finally, the sole remaining Count, Count 9, is wholly inapposite to the instant case and governs securities and stock purchases amongst business entities, <u>not</u> private investments which are the subject of the Amended Complaint here. Accordingly, the entire Amended Complaint should be dismissed with prejudice as to TRPA. Alternatively, if this Court

cannot dismiss the entire Amended Complaint as to TRPA, it should sever TRPA from these Defendants so that TRPA can defend itself without prejudice from the excessive pleadings that do not relate to it whatsoever.

DATED: November 6, 2014                    Respectfully,
                                           **T. Rowe Price Associates, Inc.**

                                           /s/Brandon A. Carnes
                                           One of its attorneys

Matthew P. Connelly, ARDC #6229052
Brandon A. Carnes, ARDC #6312484
Rock Fusco & Connelly, LLC
321 N. Clark St., Ste. 2200
Chicago, IL 60654
312-494-1000
312-494-1001 (facsimile)

### Certificate of Service

I, Brandon Carnes, an attorney, certify that a copy of the foregoing Memorandum of Law in Support of TRPA's Motion to Dismiss was served on all counsel and parties of record via the Court's ECF system on November 6, 2014.

                                           /s/Brandon A. Carnes

11