## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MICHAEL H. WU** and **CHRISTINE T. WU**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Nos. 14 C 5392 and 15 C 2238 |
| ) | |
| **PRUDENTIAL FINANCIAL, INC.**, et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM ORDER**

This Court has received a notice of motion for amendment of judgment under Fed. R. Civ. P. ("Rule") 59(e) in each of the captioned cases, filed by attorney Andrew May on behalf of formerly pro se plaintiffs Michael and Christine Wu (collectively "Wus"). As this Court's several earlier opinions have made exceedingly plain, a major part of the problems in these cases had stemmed from Wus' stubborn persistence in attempting to go it alone despite this Court's repeated urging that everyone involved -- they, their multiple targeted defendants and this Court -- would be far better served by their turning to knowledgeable counsel (as they could well afford) to handle their dispute. Attorney May's appearance on the scene is therefore a welcome development.

That said, however, the motions as tendered are clearly missing an important -- and to this Court an essential -- ingredient. Again everyone would be far better served by attorney May's coupling of the motions with what any counsel would have done from the outset: the submission of a lawyer-drawn complaint instead of the turgid and impenetrable work product that has been tendered to date and that has in substantial part fueled the responses by this Court. For serious consideration to be given to the noticed-up motions (which will be treated as timely

under the nonextendable provisions of Rule 59(e)), it is clear that any serious consideration of the motions must perforce call for their being accompanied by a pleading that permits a reasoned analysis of the future of this litigation if it were to go forward.

Although the notice of motion was dated June 17, the required paper copy of the notice and motion were not delivered to this Court's courtroom deputy until sometime well into the afternoon of June 18. Hence this Court had its first opportunity to read and review the documents early today (June 19). This memorandum order is being entered now so that Wus' new counsel has the maximum possible time available to be responsive to the consideration outlined here.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: June 19, 2015

---

[1] Attorney May should also consider that it makes no sense at all for this single lawsuit to carry two case numbers. That subject will be among the nonsubstantive issues to be discussed on the designated June 26 presentment date.