IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL H. WU** and **CHRISTINE T. WU**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Nos. 14 C 5392 and 15 C 2238 |
| ) | |
| **PRUDENTIAL FINANCIAL, INC.**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

It is unnecessary (and would frankly be depressing) to recount in any detail the stubborn efforts by husband and wife co-plaintiffs Michael and Christine Wu (collectively "Wus") to hack out an entirely uncharted and self-created figurative path through an impenetrable forest of their own creation to enter the federal court system, rather than following the urging of this Court to proceed with informed counsel in order to shape a viable federal claim.[1] Instead the attached copy of this Court's May 4, 2015 opinion (included here as an exemplary sample rather than as a chapter-and-verse history), coupled with the skeletal description on the first page of the opposition memorandum currently filed by the two Prudential-related entities named as defendants in Wus' own newly-tendered SAC -- Prudential Financial, Inc. and Pruco Life Insurance Company (collectively referred to for convenience simply as "Prudential," treated as a singular proper noun) set the stage sufficiently.

---

[1] This opinion, like this Court's numerous earlier memorandum orders and opinions as well as its oral comments and rulings on Wus' efforts, will express no views on the substance of their purported claims. Before now Wus' pro se submissions have been, as stated earlier, impenetrable. Now at last, acting through counsel as this Court had urged from the outset, their newly-tendered Proposed Second Amended Complaint ("SAC") is doomed on independent grounds that would make any attempted analysis of their substantive claims pure dicta.

When Wus' self-prepared initial Complaint in Case No. 14 C 5392 was assigned to this Court's calendar, its convoluted and turgid accusations against some Prudential-related defendants and a host of other targeted defendants led this Court to recommend that Wus retain counsel to represent them. That initial Complaint was coupled with an In Forma Pauperis Application that was like a bad joke, for it revealed Wus to be very wealthy, both in net worth terms and (more importantly) in terms of liquid assets, revealing them as not only misunderstanding the meaning and purpose of in forma pauperis treatment but also as fully capable of hiring counsel on their own.

After other misadventures on Wus' part later led to the dismissal of their action, this Court yielded to their subsequent request to revive their potential action by converting its with-prejudice dismissal to one without prejudice, based on their representation[2] that they would pursue a non-judicial path instead. But they then proceeded to break that promise in favor of continuing to pursue their legal action in this District Court. That caused this Court to vacate the without-prejudice dismissal and re-enter the earlier with-prejudice dismissal, so that Wus' current Fed. R. Civ. P. ("Rule") 59(e) motion seeks relief from that order.

What the proposed SAC reveals is that Wus' now-retained counsel has cleared away Wus' figurative impenetrable forest to leave standing a single figurative legal tree -- but the branches of that tree cannot support Wus' now-asserted claims for more than one reason. As n.1 has said, this Court can and will eschew Prudential's merits-related attacks on the SAC, even though the arguments set out in Part III of the Prudential opposition (Dkt. No. 118) appear highly persuasive. Instead Part I of that opposition memorandum, which sets forth Wus' untimeliness in

---

[2] As the attached opinion reflects, Michael Wu always spoke for both Wus during their court proceedings.

terms of the nonextendable deadline set by Rule 59(e), and Part II, which demonstrates the total impermissibility of Wus' advancing new theories of recovery for the first time in conjunction with a Rule 59(e) motion,[3] suffice -- indeed, either would independently suffice -- to call for denial of the Rule 59(e) motions and the consequent dismissal of both of these lawsuits with prejudice.[4]  This Court so orders, and Dkt. Nos. 106 and 107 in Case No. 14 C 5392 and Docket Nos. 50 and 51 in Case No. 15 C 2238 are denied as well.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  July 29, 2015

---

[3] As for the principle referred to in Prudential's Part II and relied on here, see such cases as United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010), Bordelon v. Chicago Sch. Reform Bd., 233 F.3d 524, 529 (7th Cir. 2000) and, from an earlier era but still good law, LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995), as well as the numerous other cases cited in those authorities.

[4] Under ordinary circumstances this Court would normally afford Wus an opportunity to respond to Prudential's opposition.  But what has been described here scarcely constitutes "ordinary circumstances" -- and most importantly, the flaws identified in this opinion are non-curable.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL H. WU** and **CHRISTINE T. WU**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 2238 |
| | ) | |
| **PRUDENTIAL FINANCIAL, INC.**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is the second lawsuit brought pro se by husband and wife co-plaintiffs Michael and Christine Wu (collectively "Wus") against a host of defendants to assert claims that the Wus had been victims of securities fraud. For present purposes there is no need to undertake the difficult task of trying to decipher what this Court's March 23, 2015 memorandum opinion and order in this case referred to as "an extraordinarily prolix pro se Complaint in Case No. 14 C 5392" (Wus' earlier lawsuit) -- that chore is left to any reader who may seek to review what this Court said and did in connection with that first lawsuit and what is being said and done here.

Instead, suffice it to say that on November 14, 2014 this Court dismissed that first lawsuit with prejudice, after which Wus filed a motion for reconsideration just before expiration of the 28-day period prescribed by Fed. R. Civ. P. ("Rule") 59(e). That motion was ultimately addressed orally on January 20, 2015, with both Wus present in court but with Michael Wu (as always) speaking for both.

At that hearing this Court again inquired as to why, despite their acknowledged ample ability to retain knowledgeable counsel rather than continue to proceed on their own, Wus continued to appear pro se. Michael Wu responded (Jan. 20, 2015 Tr. 6:9):

ATTACHMENT

> Yes, we try, and we contacted 20 counsels. And they will not take our case for various reasons. We talk to 20 counsels.

After colloquy that then ensued among several defense counsel, Michal Wu and this Court (the transcript for that morning comprises some 16 pages), this Court stated (id. 11:1):

> I don't see any alternative at this level and with these documents to do anything other than to deny the motion for reconsideration.

Michael Wu then responded (id. at 11:19):

> Your Honor, we talk to a counsel. He is willing to take our case if Judge can change from dismiss -- with prejudice to without prejudice so he can take the case to a less pleading requirement to FINRA.[1]

After inquiring of defense counsel as to whether they had any objection on that score, this Court granted Wus' request that the case's dismissal with prejudice be converted to a dismissal without prejudice.[2]

But despite Michael Wu's representation on which this Court relied in ordering that conversion, Wus did not take their dispute to arbitration before FINRA. Instead they have instituted a newly-filed Complaint against a large packet of the same defendants, bearing the 15 C 2238 case number reflected in the caption of this opinion -- a Complaint that rivals their earlier Complaint in its impenetrability. Wus are still representing themselves pro se (again just why is difficult to understand), and their new action has quite understandably been met with a bulky motion to dismiss filed by various of the defendants (the "Prudential Defendants") that had

---

[1] That is the acronym for Financial Industry Regulatory Authority.

[2] As Michael Wu had represented in that respect (id. 13:2):

> But we need a dismissal without prejudice; otherwise, we cannot take the case to FINRA.

originally been set for presentment on May 6 but was then rescheduled for May 18 because the Wus are presently out of state.

In sum, it looks very much as though Wus have perpetrated a fraud on this Court, whose ultimate entry of a without-prejudice dismissal in place of the earlier with-prejudice disposition was specifically predicated on the commitment that Michael Wu made but has later dishonored. This Court orders the parties to come prepared to discuss, at the rescheduled May 18 presentment date for the Prudential Defendants' motion, whether the earlier case calls for a reconversion to a with-prejudice dismissal (including the question whether there is jurisdiction to do so), so that the current action would be barred on claim preclusion grounds.

                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: May 4, 2015