**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL H. WU** and **CHRISTINE T. WU**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Nos. 14 C 5392 and 15 C 2238 |
| ) | |
| **PRUDENTIAL FINANCIAL, INC.**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Coplaintiffs Michael and Christine Wu (collectively "Wus") have just filed what they label a "Motion To Consolidate" their two previously dismissed lawsuits, Case Nos. 14 C 5392 and 15 C 2238. But although the wealthy Wus have recently done what they should have done in the first instance -- retaining a lawyer to represent them rather than trying to go it alone -- this most recent filing was again prepared and submitted by them pro se, so that they have again caused matters to be posed in a confused state procedurally (and hence substantively as well).

Under established rules and procedures, a party represented by counsel cannot proceed pro se at the same time (nothing in the current motion provides any indication that Wus' counsel played any part in its preparation and submission, and Wus' just-delivered notice of the August 20 presentment of the motion states expressly that they are acting pro se). In this instance their pro se handling (or mishandling) of their original 2014 litigation resulted in their allowing the nonextendable time limit on a Fed. R. Civ. P. ("Rule") 59(e) motion that could bear on the dismissal of that action to elapse without any action on their part -- so they then tendered their 2015 Complaint instead. Whatever else can be said about the mess that the Wus' handling

has created, it is a mistake to think of their two lawsuits as part of an integrated whole, although this Court's most recent July 29, 2015 memorandum opinion and order in the two cases (plus the earlier opinions attached to that opinion) has sought to provide a comparative shortcut through the maze generated by the Wus' self-prepared efforts before this.

    For the present Wus' Motion To Consolidate will be denied on the earlier-stated procedural ground that they cannot properly revert to self-representation with no hint that their retained counsel is no longer acting in that capacity.. If Wus' counsel were hereafter to elect to file a similar motion with appropriate explanatory support (which should reflect counsel's understanding of the different postures of the two lawsuits in light of their prior histories), this Court would be in a position to rule on such a motion on an informed basis.

                                                                               _____
                                                                               Milton I. Shadur
                                                                               Senior United States District Judge

Date:  August 18, 2015